# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIM. ACTION 13-0268-WS |
| | ) |
| TRAVIS GROSS, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

This matter is before the Court on the defendant's motion to dismiss Counts Two and Three. (Doc. 28). The government has filed a response and the defendant a reply, (Docs. 30, 33), and the motion is ripe for resolution.

Counts Two and Three of the indictment involve an alleged controlled substance analogue ("CSA"), specifically, XLR11. "A controlled substance analogue shall, to the extent intended for human consumption, be treated, for the purposes of any Federal law as a controlled substance in schedule I." 21 U.S.C. § 813. Count Two charges the defendant with violating 21 U.S.C. § 846 by conspiring to distribute, and to possess with intent to distribute, XLR11, while Count Three charges him with violating 21 U.S.C. § 963 by conspiring to import XLR11 into the United States. (Doc. 1 at 12-13).

Congress has defined "CSA" as follows:

> Except as provided in subparagraph (C) [which does not apply here], the term "controlled substance analogue" means a substance –
> (i) the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II; [and]
> (ii) which has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II; or
> (iii) with respect to a particular person, which such person

represents or intends to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II.

*Id*. § 802(32)(A). The defendant argues that, as applied to XLR11 and the facts of his case, Sections 802(32)(A) and 813 are void for vagueness.

In the related case of *United States v. Henry*, Criminal Action No. 13-0142-WS, the Court carried to trial the defendant's constitutional vagueness challenge. (Doc. 136). The Court concludes that the same result should obtain in this case. However, the Court in *Henry* also addressed the effect of a scienter requirement on the "fair notice" prong of a vagueness challenge as follows:

> The Supreme Court "has recognized that a scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 499 (1982). In particular, "where the punishment imposed is only for an act knowingly done with the purpose of doing that which the statute prohibits, the accused cannot be said to suffer from lack of warning or knowledge that the act which he does is a violation of law." *Screws v. United States*, 325 U.S. 91, 102 (1945). Thus, "[t]he requirement that the act must be willful or purposeful … relieve[s] the statute of the objection that it punishes without warning an offense of which the accused was unaware." *Id.*; *accord United States v. Hasner*, 340 F.3d 1261, 1269 (11th Cir. 2003); *United States v. Castro*, 89 F.3d 1443, 1455 (11th Cir. 1996).
>
> This rule effectively serves as a particular application of the "actual notice" principle. When conviction requires the jury to find the defendant knew what she was doing was illegal, the conviction itself establishes that the defendant had actual notice, and thus fair notice, that her conduct was prohibited.

(*Id*. at 7).

As noted, Counts Two and Three charge the defendant with violations of Sections 846 and 963. As explained in another order in this case, conviction under each of those statutes incorporates a "willfulness" element and thus requires the government to prove the defendant knew his conduct was unlawful, and this

requirement applies even when the substance at issue is a CSA rather than a controlled substance. Thus:

> In order to obtain a conviction, the government will be required to prove beyond a reasonable doubt that the defendant knew that XLR11 has a chemical structure substantially similar to that of a controlled substance and that he knew (or intended or represented) that XLR11 has stimulant, depressant or hallucinogenic effects substantially similar to, or greater than, those of a controlled substance.

(Doc. 86 at 10). In light of this scienter requirement, it is difficult to see how the defendant's constitutional challenge as to fair notice could succeed.

The defendant's only other argument – expressed in a spare five lines and unaccompanied by any analysis or citation to authority – is that these counts are fatally defective because they do not identify the controlled substance as to which XLR11 is allegedly an analogue. (Doc. 28 at 4). Every case known to have addressed this argument has rejected it,[1] and the defendant has given the Court no reason to depart from this consistent line of authority.

For the reasons set forth above, the defendant's motion to dismiss Counts Two and Three for failure to identify the controlled substance is **denied** and his motion to dismiss on constitutional grounds is **carried to trial**.

DONE and ORDERED this 20th day of November, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] *United States v. Hoyt*, 2014 WL 5023093 at *4 (W.D. Va. 2014); *United States v. Makkar*, 2014 WL 1385298 at *4 (N.D. Okla. 2014); *United States v. Davis*, 2013 WL 6499533 at *2 (W.D.N.C. 2013); *United States v. Carlson*, 2013 WL 5125434 at *3, 33-34 (D. Minn. 2013); *Newbold v. United States*, 2009 WL 2243642 at *11 (N.D.N.C. 2009).