IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CRIMINAL NO. 13-0268-WS |
| ) | |
| TRAVIS GROSS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

The defendant, through retained counsel, has filed a motion for compassionate release. (Doc. 204). The grounds of the motion are his experience with the COVID-19 pandemic.

A defendant may move for release for "extraordinary and compelling reasons" ("compassionate release"), "after [he] has fully exhausted all administrative rights to appeal a failure by the Bureau of Prisons ["BOP"] to bring a motion on [his] behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C § 3582(c)(1)(A). The defendant offers mixed signals concerning his compliance with either of these alternative requirements. He seeks "waiver of the exhaustion requirement," yet he states in the next sentence that he "filed his request for Compassionate release over 30 days ago on April 10, 2020." (Doc. 204 at 4). The latter sentence suggests the defendant has complied with the second alternative, but its failure to confirm that the request was given to his warden leaves the statement ambiguous. The water is further muddied by the defendant's later statement that he "has already asked the BOP [not the warden] to invervene [in some unexplained fashion] but as they have failed to resolve the COVID-19 crisis at Elkton [not that they have failed to honor his request to seek compassionate release] the request has been rejected. (The request was submitted April 10, 2020, over 30 days ago.)" (*Id*. at 16). This statement indicates that the "request for Compassionate release" mentioned on page 4 was actually something very different from such a request.

Even assuming for argument that the defendant has satisfied the prerequisites for filing his motion, or that satisfaction of them may properly be excused, the defendant has failed to demonstrate the existence of an "extraordinary and compelling reason" for relief. The defendant relies on application note 1(A)(ii) of Section 1B1.13 of the Sentencing Guidelines. (Doc. 204 at 14-15). This requires him to show that he is suffering from a serious physical or medical condition that substantially diminishes his ability to provide self-care within a prison environment and from which he is not expected to recover. The defendant identifies his medical condition as having tested positive for COVID-19. (*Id*. at 16). The defendant does not describe the extent or seriousness of his case, so he has failed to show that he is unable to care for himself. (He says he "cannot get the requisite medical care" in prison, but this unsupported *ipse dixit*, which does not even identify the "requisite medical care," fails to show that he cannot care for himself. He says he is "isolated," but so would be any person testing positive.) Nor does the defendant, who is 43 years old and who has no disclosed health problems, (Doc. 129 at 3, 15), assert – much less demonstrate – that he is not expected to survive his bout with the virus. (He plainly is not on a ventilator, and he plainly has not been hospitalized, since he points out that several inmates at Elkton have been hospitalized and/on ventilators, without identifying himself as one of them. (Doc. 204 at 6, 9).).

The defendant stresses the extent of the COVID-19 outbreak at Elkton. (Doc. 204 at 6-7, 9-11; Doc. 204-1). As Attorney General Barr recognized in his memoranda authorizing expanded use of home confinement under Section 3624(c)(2), and as BOP's own website reflects, Elkton is among the hardest hit of BOP's 122 institutions, with well over 400 inmates (out of approximately 2,300) testing positive to date, with nine fatalities. The defendant notes that at least one inmate has been released from Elkton under Section 3582(c)(1)(A) based on COVID-19 concerns. (*Id*. at 7). That prisoner, in stark contrast to the defendant, had a host of medical issues (including diabetes and hypertension) that made him unusually susceptible to a serious or even deadly experience with COVID-19 should he contract it. The defendant, on the other hand, has already contracted COVID-19 and has identified no serious, much less dangerous or potentially

lethal, health consequence.  Thus, even were it free to craft additional extraordinary and compelling reasons beyond those identified by the Sentencing Commission and BOP, the Court would find no such reason as to the defendant.

     For the reasons set forth above, the defendant's motion for compassionate release is **denied**.

     DONE and ORDERED this 5th day of June, 2020.

                                             s/ WILLIAM H. STEELE
                                             UNITED STATES DISTRICT JUDGE