IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TRAVIS EDWARD GROSS, # 13729-003, Petitioner, vs. UNITED STATES OF AMERICA, Respondent. | * * * * CRIMINAL NO. 13-00268-WS-B * CIVIL ACTION NO. 17-00442-WS-B * * * * * |

**REPORT AND RECOMMENDATION**

This matter is before the Court on the notice of dismissal of motion to vacate under 28 U.S.C. § 2255 filed by counsel for Petitioner, Travis Edward Gross (Doc. 218). The notice has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8(b) of the Rules Governing Section 2255 Proceedings. Upon consideration, the undersigned recommends that Gross's § 2255 motion (Doc. 165) be **TERMINATED,** and that this § 2255 action be **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

I. **BACKGROUND**.

In December 2014, following a jury trial, Gross was convicted in this Court of one count of conspiracy in violation of 18 U.S.C. § 371; three counts of money laundering in violation of 18 U.S.C. § 1957; and one count of conspiracy to launder money in violation

of 18 U.S.C. § 1956(h). (Doc. 102). Gross was sentenced in 2015 to 156 months' imprisonment. (Docs. 146, 149). On October 12, 2016, the Eleventh Circuit Court of Appeals affirmed Gross's convictions and sentence. (Doc. 157).

On October 2, 2017, Gross, through counsel, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, along with a memorandum in support. (Docs. 165, 166). The Court entered a briefing schedule on the motion and subsequently granted a number of motions requesting that the deadline for the United States to respond to Gross's § 2255 motion be extended. (Docs. 168, 176, 178, 182, 183, 187, 188).

On March 28, 2019, the United States filed an unopposed motion to hold Gross's § 2255 motion in abeyance. (Doc. 190). The Court granted the motion in part and set the matter for a status conference. (Doc. 191). The status conference was conducted on September 6, 2019, after which counsel for the parties were directed to file a joint status report no later than March 16, 2020. (Doc. 196). On March 16, 2020, the United States, with the approval of Gross's counsel, filed a status report requesting that Gross's § 2255 motion continue to be held in abeyance. (Doc. 200).

On October 13, 2020, the United States filed a motion for downward departure, requesting that the Court reduce Gross's sentence pursuant to Federal Rule of Civil Procedure 35(b). (Doc. 216). The Court granted the motion on October 20, 2020, and

2

reduced Gross's original 156-month sentence to 100 months. (Doc. 217).

Thereafter, Gross's counsel filed the instant notice of dismissal of the motion to vacate filed by Gross on October 2, 2017. (Doc. 218). In the notice, counsel states that the Government has not filed an answer to Gross's § 2255 motion or a motion for summary judgment to date. (Id. at 1). Counsel also represents that on October 16, 2020, she spoke with Gross, who gave his oral consent to withdraw the § 2255 motion. (Id. at 2).

**II. DISCUSSION.**

Federal Rule of Civil Procedure 41 provides, in pertinent part, that an action may be dismissed by the petitioner without a court order by filing "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Fed. R. Civ. P. 41(a)(1)(A). "Unless the notice . . . states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B).

Because the Government has not yet filed a responsive pleading to Gross's § 2255 motion, Gross is entitled to a voluntary dismissal at this time. See United States v. Baxley, 2010 U.S. Dist. LEXIS 85122, at *1-2, 2010 WL 3277819, at *1 (N.D. Fla. July

3

9, 2010), <u>report and recommendation adopted</u>, 2010 U.S. Dist. LEXIS 85135, 2010 WL 3277855 (N.D. Fla. Aug. 19, 2010) (noting that because the defendant requested dismissal of his § 2255 motion before the United States had been served with the motion, "it is clear that Defendant is automatically entitled to a voluntary dismissal at this time" pursuant to Rule 41(a)(1)(A)(i)).

**III. <u>CONCLUSION</u>.**

Accordingly, it is recommended that Gross's pending § 2255 motion (Doc. 165) be **TERMINATED**, and that this § 2255 action be **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

**<u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was

4

informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **22nd** day of **October, 2020.**

                                              **/s/ SONJA F. BIVINS**
                                       **UNITED STATES MAGISTRATE JUDGE**